IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN D. BAILEY; JANELLE P. BAILEY; DAVID-WYNN MILLER,<br><br>      Plaintiffs,<br><br>  vs.<br><br>BAC HOME LOAN SERVICING, LP, ET AL.,<br><br>      Defendants. | CIVIL NO. 11-00648 LEK-BMK |

## ORDER DISMISSING ACTION

On October 24, 2011, pro se Plaintiffs Brian D. Bailey, Janelle P. Bailey, and David-Wynn Miller (collectively "Plaintiffs") filed a Complaint against Defendants BAC Home Loan Servicing, LP,[1] Federal Home Loan Mortgage Corporation, incorrectly identified as Fannie Mae/Freddie Mac ("FHLMC"), and Mortgage Electronic Registration System, Incorporation (collectively "Defendants").

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The court may dismiss a complaint for failure to satisfy Rule 8 if it is so confusing

---

[1] BAC Home Loan Servicing, LP is now known as Bank of America, N.A. ("Bank of America").

that its "'true substance, if any, is well disguised.'" Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice[.]").

Put slightly differently, a complaint may be dismissed for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178-80 (affirming dismissal of a complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding that dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]." Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009) (citations omitted).

Plaintiffs are appearing pro se; consequently, the Court liberally construes their pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). Even liberally construed, however, the purported allegations in the Complaint are completely incoherent and utterly fail to state any kind of claim against any Defendant that is remotely plausible on its face.

Plaintiffs' Complaint is completely nonsensical and has no apparent relationship to any claim for judicial relief. It does not contain any coherent or complete sentences, let alone identify any specific claims that Plaintiffs are advancing or factual allegations they are making. Indeed, the Court cannot make out a single allegation from the Complaint. The Complaint is essentially comprised of a random collection of unintelligible words, symbols, and initials laid out in no apparent order. This incoherent text cannot be said to provide Defendants fair notice of the wrongs they have allegedly committed. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Gillibeau, 417 F.2d at 431 (stating that dismissal is appropriate where the complaint is so confused, ambiguous, or unintelligible that its

true substance is well disguised)).

Accordingly, the Court HEREBY DISMISSES this action for failure to comply with Rule 8. Further, the dismissal is WITH PREJUDICE because the Court FINDS, based on the content of the Complaint as well as Plaintiff David-Wynn Miller's numerous other filings in this district court,[2] that he has filed this action in bad faith and that granting leave to amend would be futile. See W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility of the amendment); Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that leave to amend is properly denied if amendment would be futile); cf. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (requiring leave to amend for pro se litigants "[u]nless it is absolutely clear that no amendment can cure the defect").

FHLMC's motion to dismiss, filed December 22, 2011, [dkt. no. 6,] and Bank of America's joinder, filed January 6, 2012, [dkt. no. 8,] which are currently set for hearing on March 12, 2012, are HEREBY DENIED AS MOOT.

---

[2] David-Wynn Miller, along with other plaintiffs, also recently filed similar nonsensical complaints in Lacabanne, et al. v. GMAC Mortgage, LLC, et al., CV 12-00060 SOM-BMK; Paet, et al. v. Argent Mortgage Company, LLC, et al., CV 12-00048 SOM-BMK; Kaihana, et al. v. District Court of the First Circuit, Waianae, et al., CV 12-00041 HG-BMK; Chau, et al. v. BNC Mortgage, Inc., et al., CV 11-00656 SOM-BMK; and Miller, et al. v. Argent Mortgage Company, LLC, et al., CV 11-00649 LEK-BMK.

4

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 21, 2012.



　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

**BRIAN D. BAILEY, ET AL. v. BAC HOME LOAN SERVICING, LP, ET AL.;
CIVIL NO. 11-00648 LEK-BMK; ORDER DISMISSING ACTION**

5